IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNET SERVICES, LLC, a California Limited Liability Company,<br><br>   Plaintiff,<br><br> v.<br><br>IMMERSION CORPORATION, a Delaware corporation,<br><br>   Defendant.        / | No. C 06-2009 CW<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND |

  Plaintiff Internet Services LLC (ISLLC) moves to remand this action to the Superior Court of California for Santa Clara County. Defendant Immersion Corporation (Immersion) opposes the motion to remand. The matter was taken under submission on the papers. Having considered all of the papers filed by the parties, the Court denies ISLLC's motion to remand.

BACKGROUND

  This case is related to Immersion's 2002 lawsuit against Sony Computer Entertainment America, Inc., and Sony Computer Entertainment, Inc., (collectively Sony) for patent infringement, in which a jury found that Immersion's U.S. Patent Nos. 6,275,213 (the '213 patent) and 6,424, 333 (the '333 patent) were valid and

infringed and awarded Immersion $82 million in damages. <u>Immersion Corp. v. Sony Computer Entertainment America, Inc.</u>, No. C 02-0710 CW (N.D. Cal., amended judgment entered, Apr. 7, 2005).  ISLLC is a licensee of Immersion's patents; the license agreement between ISLLC and Immersion provides, "With respect to CONTENT-RESTRICTED MATERIAL, such license shall be exclusive."  <u>Immersion</u>, Dec. 29, 2004 Order Granting Pl.'s Mot. to Dismiss Third Party's Cross-Claims (hereinafter Dec. 29 Order) (quoting ISLLC Answer Ex. B).[1]  The parties dispute the meaning of "content restricted material."

The Court dismissed ISLLC's cross-claims against Immersion and counterclaims against Sony, finding that ISLLC's "exclusive area of license does not encompass" the patents-in-suit.  Dec. 29 Order at 7.  Specifically, the Court found, as a matter of federal patent law, that ISLLC was neither an assignee nor an exclusive licensee of the patents-in-suit, and therefore did not have standing to sue under the patents on its own or as a co-plaintiff with Immersion.  The Court also dismissed ISLLC's claims for declaratory relief, breach of contract and judicial apportionment, because they all rested on the same flawed assumption that ISLLC had proprietary rights in the patents-in-suit.  The Court instructed ISLLC to file any amended claims in a separate lawsuit.

ISLLC then filed amended cross-claims against Immersion, and the Court also dismissed these.  <u>Immersion</u>, March 24, 2005 Order Granting Pl.'s Mot. to Dismiss Third Party's Am. Cross-Claims (hereinafter March 24 Order).  The Court found that ISLLC's amended

---

[1] Additional details about the <u>Immersion</u> action and ISLLC's interest therein are set forth in the December 29 Order.

2

cross-claim for declaratory adjudication that it had exclusive rights to Immersion's IP, including the '213 and '333 patents, merely re-stated the issue that the Court had already decided, that ISLLC has no exclusive rights to those patents.  The Court dismissed with prejudice ISLLC's cross-claim for judicial apportionment between ISLLC and Immersion of the damages awarded by the jury, on the grounds that the damage award was based on Immersion's suit for patent infringement, a suit which ISLLC had no standing to bring.  It similarly dismissed with prejudice ISLLC's cross-claim for breach of contract to the extent that it was based on Immersion's lawsuit against Sony, on the grounds that the right to sue under the patents was not, as ISLLC alleged, within its field of exclusivity.  The Court acknowledged that ISLLC could potentially state a claim for breach of contract and unjust enrichment on the basis of the compulsory license which Immersion had obtained against Sony, and noted that such a claim "would require the Court to construe the contracts between Immersion and ISLLC."  March 24, 2005 Order at 6.  However, the Court dismissed that cross-claim without prejudice to refiling it in a separate lawsuit pursuant to the instructions in the December 29 Order.  ISLLC has filed a notice of appeal to the Federal Circuit of the Court's orders.

ISLLC subsequently filed suit against Immersion in Santa Clara County Superior Court, bringing claims for declaratory relief, breach of contract, promissory fraud and constructive trust.

DISCUSSION

Immersion contends that this Court has original jurisdiction

3

pursuant to 28 U.S.C. § 1331, over ISLLC's present complaint, because the claims for declaratory relief, breach of contract and constructive trust arise under federal patent law.

Federal courts have original, exclusive jurisdiction over civil actions relating to patents.  28 U.S.C. § 1338(a).  It is "well-settled," however, that if a "patentee pleads a cause of action based on rights created by a contract, or on the common law of torts, the case is not one 'arising under' the patent laws." Jim Arnold Corp. v. Hydrotech Sys., Inc., 109 F.3d 1567, 1572 (Fed. Cir. 1997).  Federal jurisdiction over patent law extends "only to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 809 (1988).  A claim that is "supported by alternative theories in the complaint may not form the basis for § 1338(a) jurisdiction unless patent law is essential to each of those theories."  Id. at 810 (emphasis added).

ISLLC concedes that its State complaint raises numerous issues which arise out of federal patent law and have already been decided by this Court in Immersion's favor.  E.g., compare Notice of Removal, Ex. A, Verified Complaint ¶ 62 (alleging that Immersion breached the Amended License Agreement by failing to name ISLLC as a co-plaintiff in the case against Sony) with Dec. 29 Order at 6-7 (finding that ISLLC lacked standing to sue Sony even as a co-plaintiff).  At least with respect to the breach of contract claim,

4

the Court agrees that under the facts alleged, ISLLC could still prevail without the need to resolve issues of federal patent law. For instance, ISLLC could prove that Sony's compulsory license derives in part from the sale of software that is within ISLLC's field of exclusivity as an Immersion licensee, and thus that Immersion has breached its license agreement with ISLLC. Verified Compl. ¶ 63.

With respect to the declaratory relief claim, however, ISLLC has not shown that its claim may be proved without resolution of federal patent law issues. The State complaint requests a declaration

> that ISLLC has an exclusive license under the agreement with respect to, among other things, Immersion IP (<u>including the '213 and '333 patents</u>) with respect to games 'whose topics or images are age restricted,' including the games listed in paragraphs 32 and 34 above.

Verified Compl., Prayer for Relief (A)(1) (emphasis added). Yet it is the issue of ISLLC's purported "exclusive license" to Immersion's patents that the Court has already found involves substantive issues of federal patent law. <u>See</u> March 24 Order at 7 (warning that ISLLC could not base any amended claims on any purported exclusive right in the '213 or '333 patents). ISLLC argues that it could prevail on its claim for declaratory judgment merely by proving that Immersion has breached the license agreement, but its claim for declaratory relief is actually too broad for this. As the Court has explained in prior orders, the inventions disclosed in the Immersion patents require both software and hardware, and ISLLC lacks an exclusive license to the latter. Even if ISLLC could prove that Immersion had breached the software

5

license, this would not mean that ISLLC had an exclusive license (within the field of content restricted material) to the patents. Because the Court finds that ISLLC's right to the declaratory relief it requests necessarily involves resolution of a substantial question of federal patent law, federal jurisdiction exists. See Univ. of W. Virginia Bd. of Trustees v. Vanvoorhies, 278 F.3d 1288, 1295 (Fed. Cir. 2002) (holding federal jurisdiction to be proper where right to relief in breach of contract claim necessarily depended on the resolution of whether a patent was a continuation-in-part).

## CONCLUSION

For the foregoing reasons, the Court DENIES ISLLC's motion to remand (Docket No. 16).

IT IS SO ORDERED.

Dated: 7/10/06

*Claudia Wilken*
CLAUDIA WILKEN
United States District Judge