UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNET SERVICES, LLC, a California Limited Liability Company<br><br>　　　　　　　Plaintiff-Counterclaim Defendant,<br><br>　v.<br><br>IMMERSION CORPORATION, a Delaware corporation<br><br>　　　　　　　Defendant-Counterclaim Plaintiff. | **Case No. 4:06-CV-02009-CW**<br><br>**STIPULATION AND [PROPOSED] ORDER CONTINUING AND RESETTING INITIAL CASE MANAGEMENT CONFERENCE**<br><br>**Judge: Hon. Claudia Wilken** |

1    Plaintiff/Counterclaim Defendant Internet Services LLC ("ISLLC") and
2  Defendant/Counterclaim Plaintiff Immersion Corporation ("Immersion"), by and through their
3  counsel of record, hereby respectfully submit this joint stipulation requesting that the Court
4  continue and reset the Initial Case Management Conference date from April 13, 2007 to May 1,
5  2007.  Pursuant to Northern District Civil Local Rule 6-3(a)(5), set forth below are the previous
6  time modifications in this case.

## PROCEDURAL BACKGROUND

8    1.    ISLLC instituted this action on or about February 8, 2006, in the Superior Court
9  for the State of California, County of Santa Clara.  On March 15, 2006, Immersion removed the
10 action to this Court.  The Court denied ISLLC's motion to remand to state court in an Order
11 dated July 10, 2006 [Docket No. 28].

12   2.    On March 30, 2006, this Court found that the instant action is related to the case
13 entitled *Immersion Corporation v. Sony Computer Entertainment America, Inc. et al.*, Case No.
14 C 02-0710 CW (the "Immersion-Sony Lawsuit"), which involved Immersion's claims of patent
15 infringement against the Sony defendants under Immersion's U.S. Patent Nos. 6,275,213 ("the
16 '213 patent") and 6,424,333 ("the '333 patent") and later claims asserted by ISLLC against the
17 Sony defendants and Immersion.  ISLLC's appeal from this Court's dismissal orders in that case
18 was assigned Federal Circuit Appeal No. 05-1358.

19   3.    On August 31, 2006, the parties filed a Stipulation and [Proposed] Order Staying
20 Action Pending Appeal  [Docket No. 32].  The Court issued a modified Order on September 5,
21 2006, which continued the Initial Case Management Conference set for September 8, 2006, to
22 December 8, 2006  [Docket No. 33].

23   4.    On December 1, 2006, the parties filed a second Stipulation and [Proposed] Order
24 Staying Action Pending Appeal  [Docket No. 34].  The Court issued a related Order on
25 December 5, 2006, which continued the Initial Case Management Conference set for December
26 8, 2006, to April 13, 2007  [Docket No. 35].

27
28

392724.01

1      5.    The parties conducted a mediation with Judge Daniel Weinstein (Ret.) on March 2 12, 2007.  The matter was not resolved at the mediation.

3      6.    On April 4, 2007, the Federal Circuit issued a decision in ISLLC's appeal (No. 05-4 1358), a copy of which is attached.

5      7.    The parties have agreed to reschedule the Initial Case Management Conference 6 from April 13, 2007 to May 1, 2007 in order to accommodate scheduling conflicts of counsel. 7 Counsel for Immersion has contacted the Court's Deputy Clerk to confirm that May 1 would be 8 an available date for the Court.

# STIPULATION

ISLLC and Immersion hereby stipulate, and jointly request, that the Initial Case Management Conference be continued and rescheduled to May 1, 2007.

SO STIPULATED.

Dated:  April 5, 2007                                KEKER & VAN NEST, LLP

                                                     By:   /s/  Daralyn Durie
                                                        DARALYN J. DURIE
                                                        MARK A LEMLEY
                                                        MATTHIAS A. KAMBER
                                                        Attorneys for Internet Services LLC

Dated:  April 5, 2007                                IRELL & MANELLA LLP

                                                     By:   /s/ Richard Birnholz
                                                        MORGAN CHU
                                                        RICHARD M. BIRNHOLZ
                                                        ALAN J. HEINRICH
                                                        Attorneys for Immersion Corp.

# [PROPOSED] ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

The Initial Case Management Conference set for April 13, 2007, is continued to May 1, 2007 at 2:00 p.m.

Date:  4/9/07

                                                     _____
                                                     Honorable Claudia Wilken
                                                     United States District Judge

# EXHIBIT A

0.0 01

Note:  This disposition is nonprecedential.
# United States Court of Appeals for the Federal Circuit

05-1358

IMMERSION CORPORATION,

                        Plaintiff/Cross Defendant-Appellee,

v.

SONY COMPUTER ENTERTAINMENT AMERICA INC.
and SONY COMPUTER ENTERTAINMENT INC.,

                        Defendants/Cross Claimants-
                        Appellees.

v.

INTERNET SERVICES, LLC,

                        Cross Defendant/Cross Claimant-
                        Appellant.

    Morgan Chu, Irell & Manella LLP, of Los Angeles, California, argued for plaintiff/cross defendant-appellee.  With him on the brief were Richard M. Birnholz, Andrei Iancu, and Alan J. Heinrich.  Of counsel on the brief was William K. West, Jr., Howrey LLP, of Washington, DC.

    Donald R. Dunner, Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P., of Washington, DC, argued for defendants/cross claimants-appellees.  With him on the brief were Douglas B. Henderson, Steven M. Anzalone, and Kara F. Stoll.  Of counsel on the brief were Matthew D. Powers, Edward R. Reines, Douglas E. Lumish, and Sonal N. Mehta, Weil, Gotshal & Manges LLP, of Redwood Shores, California, and Gregory S. Coleman, Weil, Gotshal & Manges LLP, of Austin, Texas.

    Mark A. Lemley, Keker & Van Nest, LLP, of San Francisco, California, argued for cross defendant/cross claimant-appellant.  With him on the brief were Daralyn J. Durie and Matthias A. Kamber.

Appealed from:  United States District Court for the Northern District of California

Judge Claudia Wilken

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

05-1358*

IMMERSION CORPORATION,

        Plaintiff/Cross Defendant-Appellee,

v.

SONY COMPUTER ENTERTAINMENT AMERICA INC.
and SONY COMPUTER ENTERTAINMENT INC.,

        Defendants/Cross Claimants-Appellees.

v.

INTERNET SERVICES, LLC,

        Cross Defendant/Cross Claimant-Appellant.

_____

DECIDED:  April 4, 2007

_____

Before NEWMAN, Circuit Judge, ARCHER, Senior Circuit Judge, and PROST, Circuit Judge.

PROST, Circuit Judge.

    Internet Services, LLC ("ISLLC") appeals the district court's dismissal of its claims.  We affirm.

---

    *    05-1227 and 05-1441 were dismissed.

BACKGROUND

Immersion Corporation ("Immersion") sued Sony Computer Entertainment America Inc. and Sony Computer Entertainment Inc. (collectively, "Sony") in the United States District Court for the Northern District of California, alleging infringement of U.S. Patent No. 6,275,213 ("'213 patent") and U.S. Patent No. 6,424,333 ("'333 patent") by Sony's video game systems. Sony filed counterclaims against Immersion seeking declaratory judgments of non-infringement, invalidity, and unenforceability.

A jury found the asserted patents not invalid and infringed by Sony. The district court further determined that there was no inequitable conduct during prosecution of the patents. Consequently, the district court entered judgment in favor of Immersion. Sony initially appealed the district court's judgment; however, it later withdrew its appeal, and this court dismissed the appeal on March 14, 2007.

In the months before trial, ISLLC, a purported Immersion licensee, sent several letters to Sony claiming that Immersion had granted ISLLC a world-wide exclusive right to all of Immersion's intellectual property as applied to "content-restricted" video games. In the letters, ISLLC alleged that it had some rights in the Immersion-Sony litigation. On July 12, 2004, Sony moved under Rule 19 of the Federal Rules of Civil Procedure for a determination of whether ISLLC was a necessary or indispensable party to the action. With trial between Immersion and Sony set to begin on August 16, 2004, the district court held a pre-trial hearing to determine whether to include ISLLC and postpone the trial. During the hearing, the court suggested that Sony file an amended answer asserting a cross-claim against ISLLC for a declaratory judgment that ISLLC could not sue Sony under ISLLC's license with Immersion.

Accordingly, on August 17, 2004, Sony filed an amended answer with a declaratory judgment cross-claim against ISLLC.  ISLLC, in response, filed an infringement counterclaim against Sony.  ISLLC also filed cross-claims against Immersion seeking: (1) a declaration that ISLLC "has an exclusive license under the agreement with respect to Immersion['s patents] for, among other things, haptically enabled video games whose topics or images are age restricted"; (2) damages for breach of the license agreement on the theory that Immersion was operating within ISLLC's "exclusive field of use" under the agreement because its infringement suit against Sony covered age-restricted games; and (3) an apportionment of the damages awarded to Immersion.  ISLLC later added a state law unjust enrichment cross-claim.

After various procedural actions, the district court ultimately dismissed all claims involving ISLLC.  The court held that ISLLC did not have standing to sue for infringement of the '213 and '333 patents, even as a co-plaintiff with Immersion, because it lacked the exclusive right to practice the patented inventions.  Accordingly, the court dismissed ISLLC's counterclaims against Sony.  Immersion Corp. v. Sony Computer Entm't Am. Inc., No. C 02-0710, slip op. at 8 (N.D. Cal. Dec. 29, 2004) ("Immersion I").  The court also dismissed Sony's cross-claim against ISLLC, holding that the claim became moot once the court had held that ISLLC lacked standing to sue Sony for infringement.  Immersion Corp. v. Sony Computer Entm't Am. Inc., No. C 02-0710, slip op. at 4 (N.D. Cal. Mar. 24, 2005) ("Immersion II").

In addition, the court dismissed all of ISLLC's claims against Immersion.  Holding that ISLLC's rights under the license could not encompass the '213 and '333 patents, the court reasoned that any claims ISLLC had under the license were independent from

Immersion's suit against Sony. The court therefore concluded that ISLLC had failed to state a claim that Immersion's suit against Sony for infringement of the '213 and '333 patents fell within ISLLC's rights under the license or that ISLLC was owed a portion of the damages. <u>Immersion I</u>, slip op. at 7-8. Although the court acknowledged that ISLLC may have breach of contract and unjust enrichment claims against Immersion, it instructed ISLLC to file those claims in a separate action. <u>Immersion II</u>, slip op. at 6-7. ISLLC appeals the district court's dismissals. This court has jurisdiction over the appeal under 28 U.S.C. § 1295(a).

## DISCUSSION

ISLLC makes only one argument on appeal: it asserts that its license from Immersion provides it with sufficient rights under the '213 and '333 patents to confer standing to sue Sony for infringement as a co-plaintiff with Immersion. ISLLC alleges that its license provides it with exclusive rights relating to age-restricted software; however, ISLLC agrees that all of the patent claims require both hardware and software elements. Thus, even under ISLLC's interpretation, its license, at most, gives it rights with respect to only the software elements of the patent claims.

Without a license to practice the entire invention, ISLLC's interest in Immersion's patents, if any, differs from the type of interest traditionally associated with an exclusive licensee. We need not determine, however, whether such an interest is sufficient to confer standing to sue for infringement as a co-plaintiff with the patentee. Sony was found liable for infringing the '213 and '333 patents and we take judicial notice that Immersion, in a notice filed in the district court, acknowledged Sony's full satisfaction of the final judgment. Sony has satisfied the patentee's judgment; ISLLC cannot pursue

further recovery from Sony based on the same alleged acts of infringement of the '213 and '333 patents. Accordingly, we affirm the district court's dismissal of the claims between ISLLC and Sony.

The district court also dismissed ISLLC's cross-claims against Immersion, holding that ISLLC needed standing to sue Sony as co-plaintiff with Immersion in order to maintain its cross-claims against Immersion. We reject the district court's rationale to the extent that it required ISLLC to have standing to sue for patent infringement as a prerequisite to recovering on its contract claims against Immersion. Any claims ISLLC may have against Immersion depend on the license agreement between the two parties, not on ISLLC's standing to sue for patent infringement. Nevertheless, the district court's dismissed ISLLC's contract claims without prejudice; accordingly, ISLLC remains free to file any claims arising under the license agreement in the appropriate forum.