IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNET SERVICES LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>IMMERSION CORPORATION,<br><br>　　　　Defendant.　　　　　　　　　／ | No. C-06-02009 CW (EDL)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE EXPERT REPORTS** |

In this patent infringement action, Plaintiff Internet Services LLC's ("ISLLC") brings this motion to strike Defendant Immersion Corporation's rebuttal expert reports of Michael Wagner and Lawrence Goldberg. The parties fully briefed the matter, and the Court held a hearing on May 13, 2008.

On May 3, 2007, Judge Wilken issued a pretrial order setting November 16, 2007 as the date for expert disclosures and reports. See Docket No. 39. Both parties had the understanding that experts were to be disclosed by November 16, 2007, but that opening reports were due by February 22, 2008 and rebuttal reports were due by March 21, 2008. On November 16, 2007, Defendant disclosed experts Michael Wagner and Lawrence Goldberg. See Kamber Decl. Ex. 1. Plaintiff did not disclose any expert witnesses. See id. Ex. 2. No party submitted an opening report on February 22, 2008. See Mot. at n. 1; Opp. at n. 1. On February 20, 2008, Defendant purportedly reserved its right to serve expert reports on March 21, 2008 regarding issues on which Plaintiff bore the burden of proof. See id. On February 25, 2008, Plaintiff objected to Defendant's reservation of rights pointing out that the case management conference statement allowed for service of rebuttal reports, which do not exist if no initial reports are served. See id. Ex. 3. Subsequently, the parties engaged in extensive correspondence on the issue of expert reports. See id. Ex. 7-10, 12-15. On March 21,

1  2008, Defendant submitted the expert reports of Wagner and Goldberg, which Plaintiff now seeks to
2  strike.  See Gordon Decl. Ex. 1, 2.
3        Federal Rule of Civil Procedure 26 requires parties to disclose the identity of their expert
4  witnesses "accompanied by a written report prepared and signed by the witness."  Fed. R. Civ. P.
5  26(a)(2)(B).  Parties are required to serve their opening and expert rebuttal reports "at the times and
6  in the sequence directed by the court."  Fed. R. Civ. Proc. 26(a)(2)(c).  That section also states that
7  responsive reports are "intended solely to contradict or rebut evidence on the same subject matter
8  identified by another party under Rule 26(a)(2)(B)."  Fed. R. Civ. P. 26(a)(2)(C)(ii).   "Rule
9  37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required
10 to be disclosed by Rule 26(a) that is not properly disclosed."  Yetti by Molly Ltd. v. Deckers
11 Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir.2001).  This rule excludes untimely expert witness
12 testimony, unless the "parties' failure to disclose the required information is substantially justified or
13 harmless."  Id.; see also Carson Harbor Village, Ltd. v. Unocal Corp., 2003 WL 22038700, *2
14 (C.D.Cal.2003) ("Excluding expert evidence as a sanction for failure to disclose expert witnesses in
15 a timely fashion is automatic and mandatory unless the party can show the violation is either
16 justified or harmless.") (internal quotes and citation omitted).  The party failing to timely serve
17 expert reports bears the burden of demonstrating its failure was either substantially justified or
18 harmless.  See Yetti by Molly, 259 F.3d at 1107.
19      Here, because there were no opening expert reports, the Wagner and Goldberg reports are
20 not rebuttal reports "intended solely to contradict or rebut evidence on the same subject matter"
21 contained in initial expert reports, and therefore are untimely.  See Jarritos v. Los Jarritos, 2007 WL
22 1302506 (N.D. Cal. May 2, 2007) (White, J) (holding that there was no showing of substantial
23 justification or harmlessness for some expert reports that were not timely served and that were not
24 actually in rebuttal to the opening expert reports); United States v. Southern Cal. Edison Co., 2005
25 U.S. Dist LEXIS 24592, *8, n.2 (E.D. Cal. Sept. 23, 2005) (striking expert report that was not truly
26 in rebuttal to an initial expert report: "Evidence is rebuttal evidence if it is 'intended solely to
27 contradict or rebut evidence on the same subject matter identified by another party. . . ,' the revised
28 scheduling order does not suggest a different meaning should be ascribed to the term 'rebuttal.'");

1  see also 3M Innovative Properties Co. v. Barton Nelson, Inc., 2004 WL 1774528 at *5 (D. Minn.,
2  August 8, 2004) (stating that "On October 17, 200[3], 3M submitted "Rebuttal Expert Reports" of
3  Dr. Payne and Dr. Anderson.  However, as noted above, neither party made expert disclosures by
4  September 5, 2003, as required by the scheduling order. Therefore, absent any initial expert report to
5  rebut, these reports must be excluded. Barton Nelson's Motion is granted on this point.").
6  Defendant cites no authority to the contrary.

7        Further, in its brief, Defendant made no attempt to establish substantial justification or
8  harmlessness, so it waived that argument.  Nonetheless, at the hearing, Defendant argued that
9  Plaintiff has suffered no prejudice because it did not identify any experts, and it can prepare
10 responsive reports.  However, even if the Court were to consider this belated argument, it is not
11 persuasive.  Any additional expert discovery in this case at this late date would likely delay the trial,
12 which is scheduled to begin on August 25, 2008, and would necessitate reopening expert discovery,
13 which closed on April 18, 2008.  Defendant's summary judgment motion, which relies in part on the
14 Goldberg report, is fully briefed and set for hearing on May 15, 2008, and trial is scheduled for
15 August 25, 2008.  See, e.g., Wong v. Regents of the Univ. of Cal., 410 F.3d 1052, 1062 (9th Cir.
16 2005) ("Disruption to the schedule of the court and other parties in that manner is not harmless.").

17       Rather, Defendant argued that Rule 26(a)(2)(C) does not apply in this case, and that it is
18 customary that opening expert reports are made only by the party bearing the burden of proof.  The
19 cases on which Defendant relies, however, are inapposite.  In each of these cases, the court
20 specifically deviated from the default procedure under Rule 26(a)(2)(C), which Judge Wilken did
21 not do in this case.  See Hynix Semiconductor v. Rambus, 2008 U.S. Dist. LEXIS 12195 (N.D. Cal.
22 Feb. 3, 2008) (where scheduling order specifically defined the expert disclosures based on which
23 side had the burden of proof on an issue, the court recognized that the order put the case outside the
24 general meaning of "rebuttal" and denied motion to strike expert report because "rebuttal" meant
25 something different under the scheduling order than it did in Rule 26: "While the definition of
26 'rebuttal' testimony in the court's order differs from that in the rules, the parties chose that
27 definition."); FLOE Int'l, Inc. v. Newmans' Mfg., 2006 WL 5159513 (D. Minn. Feb. 23, 2006)
28 (where scheduling order stated that:  "On or before September 1, 2005, the parties shall exchange

initial expert reports. The initial expert reports from each party shall deal with the issues on which that party has the burden of proof. On or before October 1, 2005, the parties shall exchange rebuttal expert reports," the court denied motion to exclude late-filed expert report: "When the expert report disclosure deadlines are staggered, such that the party bearing the burden of proof is afforded the opportunity to provide an initial expert report, the party which does not bear the burden of proof can still submit an expert report in "rebuttal," even in the absence of an initial report produced by the party which bears the burden of proof, so long as it is within the established time frame set by the Scheduling Order.").

Defendant also argues that the rebuttal reports were timely under Rule 26(a)(2)(C)(i), which provides that in the absence of a court order or stipulation, expert disclosures must be made at least ninety days before trial.  The scheduling order in this case, however, did provide expert disclosure dates, so this rule is inapplicable.

Defendant failed to timely submit his expert reports, which are not rebuttal reports within the meaning of Rule 26(a)(2)(C).  Further, Defendant has not met its burden of proof to establish that the failure to timely submit these expert reports was substantially justified or harmless.  Therefore, Plaintiff's motion to strike is granted.

**IT IS SO ORDERED.**

Dated: May 13, 2008

ELIZABETH D. LAPORTE
United States Magistrate Judge

4